

# NUMBER 13-13-00071-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**VICTOR HAMILTON,**                                                                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                                  **Appellee.**

---

### On appeal from the 361st District Court
### of Brazos County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion by Justice Perkes**

Appellant Victor Hamilton appeals the trial court's holding that he is not indigent for the purposes of court appointed appellate representation and a free trial record. No briefs were submitted for review on appeal. In the interest of justice, we review the indigency issue solely on the record. *See* TEX. R. APP. P. 38.8(d). We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Appellant was convicted of sexual assault of a child and sentenced to seventy-five years in prison.[1]  Appellant appealed his conviction pro se, but did not file an appellate brief or request the trial record.[2]  On abatement, the trial court held a hearing to determine whether appellant is indigent and entitled to court-appointed representation and to a free trial record.  Appellant testified that he is indigent because he does not have the "15 to $25,000" necessary to hire a lawyer to handle his conviction on appeal and that he is unable to earn money due to his incarceration.

The State offered evidence showing that over the last several years, appellant received lump sum payments from a structured settlement totaling $321,405.07, and that appellants wife is the payee of a structured personal injury settlement totaling over four million dollars.[3]  The State also provided evidence that appellant's wife owns a parcel of property with a market value of approximately $36,000.  Appellant stated that he spent the money from his settlement on cars, houses, and land.  Appellant did not elaborate on the present state of his finances, but argued that everything he purchased was sold at some point and that he had "lost everything."  Appellant further stated that he was separated from his wife and that she was unwilling to assist him financially.

---

[1]  This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[2]  *See generally* TEX. R. APP. P. 38.8(b).

[3]  The trial court acknowledged this money may not be community property. *See* TEX. FAM. CODE ANN. § 3.001(a)(3) (West, Westlaw through 2013 3d C.S.).

## II. STANDARD OF REVIEW

In reviewing these types of cases, we employ a heightened abuse of discretion standard. *See Whitehead v. State*, 130 S.W.3d 866, 875–76 (Tex. Crim. App. 2004). Under this standard, the trial court is not equipped with unfettered discretion to simply disbelieve a defendant's evidence of indigence. *Id.* at 875. The trial court may, however, require a defendant to verify an indigence claim with supporting documentation. *Id.* The trial court is not completely free to disbelieve the defendant's statement concerning his own financial status, but the trial court may disbelieve statements if there is a reasonable, articulable basis for doing do, either because there is conflicting evidence or because the evidence submitted is in some manner suspect or determined by the court to be inadequate. *Id.* at 876. Thus, although the standard is less deferential than simple abuse of discretion, deference is still part of the standard. *Id.*

## III. APPLICABLE LAW

A defendant is indigent for purposes of the appointment of appellate counsel if he is "not financially able to employ counsel." *McFatridge v. State*, 309 S.W.3d 1, 5 (Tex. Crim. App. 2010) (quoting TEX. CODE CRIM. PROC. ANN. art. 1.051(b)). To qualify as indigent and receive a copy of the record without charge, a defendant must be unable to "pay or give security for the appellate record." *Id. See* TEX. R. APP. P. 20.2. Determining indigency for purposes of appointing counsel and obtaining a free record are discrete inquiries. *McFatridge*, 309 S.W.3d at 5. Relevant to both inquiries concerning appointed counsel and a free records are the following factors: the defendant's income, source of income, assets, property owned, outstanding obligations, necessary expenses, the number and ages of dependents, spousal income available to the defendant, and

ability to post bail to the extent that ability relates to the other factors. *Whitehead,* 130 S.W.3d at 878.

Courts use a two-step process for each purpose of indigency: (1) the defendant must make a prima facie showing of indigence; and (2) when the prima facie showing is made, the burden shifts to the State to show that the defendant is not in fact indigent. *Whitehead,* 130 S.W.3d at 874 (*citing Snoke v. State*, 780 S.W.2d 210, 213 (Tex. Crim. App. 1989) (en banc)). A reviewing court should uphold a trial court's ruling denying indigent status only if it finds that the trial court, having utilized this two-step process, "reasonably" believed the defendant was not indigent. *McFatridge*, 309 S.W.3d at 6.

### IV. DISCUSSION

### A. Indigence for the purpose of court appointed counsel

At his hearing, appellant presented no evidence specifying his financial status other than generalized testimonial statements regarding his lack of financial resources. Additionally, appellant was either unable or unwilling to give specific testimony regarding the outcome of his alleged property and asset sales. Further, appellant did not state what attorney, if any, provided him with estimates for the cost of legal representation.

The State produced evidence to show that appellant was married at the time of the indigency hearing and that his wife had significant financial resources either in her name or in her possession. Importantly, the court found that appellant had an $18,000 interest in a parcel of community property. Appellant neither contradicted his wife's ownership of the property nor disputed its value. Because the record supports a finding that appellant is not indigent, we overrule appellant's first issue. *See Whitehead,* 130 S.W.3d at 878.

4

**B.    Indigence for the purpose of a free record**

Assuming that the trial record costs more than $18,000, there could be a question regarding whether appellant is able to pay for it.   The record, however, contains no evidence regarding the cost of the trial record, whether it must be paid in advance, or even the length of the trial court proceedings.   Without at least some ballpark figure for the cost of the record, we are unable to conclude that the trial court abused its discretion. Therefore, we overrule appellant's second issue.   *See id.* at 879.

## IV.   CONCLUSION

We affirm the trial court's judgment of indigence.  In this same cause number, appellant also sought review of the merits of his conviction of sexual assault of a child. *See* TEX. PENAL CODE ANN.   § 22.011(a)(2) (West, Westlaw through 2013 3d. C.S.).   By this opinion, we have resolved the issue of indigence.  Appellant's appeal of his conviction is ordered SEVERED, and will be docketed in this Court under cause number 13-14-00444-CR, and will proceed in due course.   In that cause, appellant has thirty days from the date of this opinion to pay or make satisfactory arrangements to pay for the clerk's and reporter's records for the appeal on the merits.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of August, 2014.

5